# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN


## NO. 03-02-00633-CR


**In re Harold Curtis Biddie**


**FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT**
**NO. 7068, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING**


## M E M O R A N D U M   O P I N I O N


Harold Curtis Biddie is serving a ninety-nine year prison sentence imposed in 1988 for aggravated sexual assault.  He appeals from the district court=s finding that the results of post-conviction forensic DNA testing were not favorable to him.  *See* Tex. Code Crim. Proc. Ann. arts. 64.04, .05 (West Supp. 2003).  We will affirm.

Acting through counsel, Biddie filed his original motion for DNA testing in October 2001.  In its response, the State noted that the motion did not specify the evidence for which testing was sought.  Biddie=s counsel then filed a motion to inspect and examine the physical evidence connected with this case.  The motion was granted.  In February 2002, counsel filed an amended testing motion asking that the complainant=s panties and bed sheets be tested.  This motion was granted three days later.

The written report of the Department of Public Safety Laboratory was filed on August 20, 2002.  The report states that DNA contained in semen stains found on the complainant=s blue and white bed

sheet matched DNA taken from Biddie=s saliva. Other stains on this exhibit contained Biddie=s DNA, the complainant=s DNA, and DNA from unknown individuals. Stains found on the complainant=s pink bed sheet contained Biddie=s DNA and DNA from an unknown individual. Stains found on the complainant=s panties contained the complainant=s DNA.

A hearing was held on August 21, 2002. *See id*. art. 64.04. At the conclusion of the hearing, the district court signed its written finding that the DNA test results Aare not favorable to [Biddie] in that it is not reasonably probable that [Biddie] would not have been prosecuted or convicted had the results of this DNA analysis been available before or during the trial of the offense for which [Biddie] now stands convicted.@ *See id*.

Biddie=s appeal from the August 21 finding was perfected by the new attorney appointed for his appeal. While the appeal was pending, Biddie=s request to dismiss appointed counsel and represent himself on appeal was granted.

In his brief to this Court, Biddie primarily complains that the DNA sample ordered taken from him in February 2002 was not taken. The explanation for this appears in the laboratory report, which indicates that a saliva sample taken from Biddie in 1988 and preserved since then was used to obtain samples of his DNA. Biddie also complains that he was not allowed to personally inspect the evidence in this case. The record reflects, however, that his attorney was given this opportunity. Finally, Biddie complains that his attorney did not designate the laboratory to do the testing. As permitted by statute, the court chose to have the testing done by the Department of Public Safety. *See id*. art. 64.03(c).

2

Because Biddie has not shown procedural error or any other basis for disturbing the district court=s finding that the DNA test results were not favorable to him, we affirm that finding.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   May 15, 2003

Do Not Publish